UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL JARRETT,

           Petitioner,           Case Number 00-10255-BC
                                      Honorable David M. Lawson

v.

PAUL RENICO,

           Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

The petitioner, Michael Jarrett, has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). The motion, which has been docketed as a motion for reconsideration, seeks to have the Court vacate its opinion and judgment dismissing the petitioner's habeas corpus petition for failure to comply with the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The petitioner alleges that the Court should toll the statute of limitations for a state-created impediment. The Court finds that the petitioner's motion was not filed within a reasonable time and lacks substantive merit. Therefore, the motion will be denied.

I.

A procedural history of this case is necessary for a proper understanding of the petitioner's claim. The petitioner was convicted of first-degree murder and a felony firearm violation in state court on November 23, 1993. The Michigan Court of Appeals affirmed his convictions, and on June 10, 1997, the Michigan Supreme Court denied leave to appeal.

On or about September 25, 1997, the petitioner filed a motion for relief from judgment in state court. The trial court denied the motion on October 31, 1997, and the Michigan Court of

Appeals denied leave to appeal the trial court's decision. On March 30, 1999, the Michigan Supreme Court likewise denied leave to appeal.

On an unspecified date, the petitioner filed a state complaint for the writ of habeas corpus. His sole ground for relief was that the trial court lacked jurisdiction to try him as an adult because the prosecutor had failed to obtain a waiver of juvenile court jurisdiction. The trial court denied relief on September 13, 1999 after concluding that the petitioner's jurisdictional claim lacked merit and that the petitioner should have filed his complaint in the county where he was incarcerated.

On June 27, 2000, petitioner filed his *pro se* habeas corpus petition in this Court. He raised the nine issues that he had presented to the state court on direct review and on collateral review, following the trial court's denial of his motion for relief from judgment. The respondent argued in a motion for summary judgment filed through counsel that the habeas petition was filed out of time.

On June 14, 2001, the Court granted the respondent's motion and dismissed the habeas petition as untimely. The Court determined that petitioner's state complaint for the writ of habeas corpus did not toll the limitations period because the complaint raised a jurisdictional issue that petitioner had not presented in his habeas corpus petition. This conclusion was based on *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999), which held that "a state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations." The Sixth Circuit Court of Appeals overturned *Austin* last year. *See Cowherd v. Million*, 380 F.3d 909, 914 (6th Cir. 2004).

At some point, the petitioner asked the trial court to reissue its decision on his complaint for the writ of habeas corpus. The state court complied, and on March 19, 2004, the court entered an order denying the petitioner's complaint for the writ of habeas corpus. According to the petitioner, an appeal from that order is pending in the Michigan Supreme Court.

II.

A.

Federal Rule of Civil Procedure 60(b)(6) authorizes federal district courts to relieve a party from a final judgment for "any . . . reason justifying relief from the operation of the judgment." "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, __ U.S. __, __, 125 S. Ct. 2641, 2649 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context." *Ibid*. Moreover, a motion under Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(b).

The petitioner claims to have learned of the trial court's decision on his state court complaint when he received the respondent's motion for summary judgment. The respondent filed his motion on January 19, 2001, and the Court granted the motion on June 14, 2001. The petitioner appealed the Court's opinion and judgment to the United States Court of Appeals for the Sixth Circuit, but the court of appeals dismissed his appeal on or about November 14, 2001, and it denied a certificate of appealability on June 10, 2002. The petitioner did not file the pending motion until July 25, 2005, over three years after the last federal court order in his case. The Court finds that the motion was not made within a reasonable time.

B.

The petitioner's motion also has no substantive merit. The petitioner contends that his jurisdictional claim, which was the basis for his state complaint, would have been his tenth federal habeas ground if the trial court had not prevented him from including the claim in his habeas petition. A state court clerk allegedly impeded petitioner's efforts by failing to inform him that the trial court had denied his state court complaint for a writ of habeas corpus. The petitioner contends that he was led to believe the state court had ignored, rather than denied, his complaint. He maintains that, had he been aware of the denial of his state complaint, he would have pursued appellate court remedies for the jurisdictional claim raised in the state complaint. Following exhaustion of state remedies, he would have submitted the jurisdictional claim to this Court with his federal habeas petition. He reasons that the Court would not have been able to dismiss his habeas petition because the filing of the state complaint with its jurisdictional claim would have tolled the limitations period if he had included the jurisdictional claim in his habeas petition.

The Court finds the petitioner's argument unpersuasive. Although it is true that the statute of limitations can run from the date on which a state-created impediment to filing an application is removed, the state action also must have violated federal law. *See* 28 U.S.C. § 2244(d)(1)(B). The trial court's inadvertent failure to inform petitioner that it had denied his habeas corpus complaint did not violate federal law and was not an impediment to filing the federal habeas corpus petition. The petitioner could have raised his jurisdictional claim on direct review of his conviction or in his state court motion for relief from judgment and the subsequent appeals. He could have filed his habeas petition in a timely manner immediately after the Michigan Supreme Court denied leave to appeal the second time on March 30, 1999.

Lack of notice of a state court decision can be a basis for equitably tolling the limitations period. *See Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). However, the petitioner is not alleging that lack of notice of the state court's decision prevented him from filing a timely habeas petition. He is alleging that lack of notice prevented him from exhausting state remedies for his jurisdictional claim before he filed his habeas petition. If, as he alleges, the state court informed him by telephone that his habeas complaint was not pending in state court, he knew full well when he filed his habeas petition that his jurisdictional claim was not exhausted.

The state court's reissued order dated March 19, 2004, and the fact that an appeal is now pending in the state supreme court, are irrelevant considerations. Nothing was pending in state court when the petitioner filed his habeas petition, and the state court reissued its order long after the statute of limitations expired and this Court dismissed the habeas petition.

Finally, even though *Austin* has been overruled, it was binding law in this Circuit when the Court dismissed the petitioner's habeas petition. It is hardly extraordinary that, after the Court dismissed the petitioner's habeas petition, the Sixth Circuit arrived at a different interpretation of 28 U.S.C. § 2244(d)(2). *See Gonzalez*, 125 S. Ct. at 2650. Since the Sixth Circuit's decision in *Austin*, at least four other circuits have rejected *Austin's* interpretation of § 2244(d)(2). *Cowherd*, 380 F.3d at 913. "[N]ot every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." *Gonzales*, 125 S. Ct. at 2650. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). When, as here, the habeas "petitioner has already had two opportunities to seek review of his conviction (both direct and collateral) in the State system . . . the overruling of *Austin v. Mitchell*

is not an extraordinary circumstance justifying relief from the operation of the judgment in this case." *Wogoman v. Abramajtys*, 2005 WL 1968797, slip opinion at *2 (W.D. Mich. Aug. 16, 2005) (Miles, J.) (unpublished).

### III.

The Court concludes that petitioner's motion is untimely and that he has failed to show extraordinary circumstances justifying relief from judgment.

Accordingly, it is **ORDERED** that the motion for relief from judgment [dkt # 49] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 3, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 3, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS